UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. THOMPSON,<br><br>Petitioner,<br><br>v.<br><br>SACRAMENTO MUNICIPAL COURT,<br><br>Respondent. | No. 2:13-cv-747 AC<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has consented to the jurisdiction of the undersigned. ECF No. 4.

Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the
2  highest state court with a full and fair opportunity to consider all claims before presenting them to
3  the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
4  1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  See also Larche v. Simons, 53
5  F.3d 1068, 1071-72 (9th Cir. 1995) (California misdemeanor defendants, whose original
6  challenges to the conviction are concluded before reaching the state Supreme Court, must present
7  their constitutional claims to the state Supreme Court in a habeas petition in order to exhaust
8  claims for federal habeas purposes).

9  After reviewing the petition for habeas corpus, the court finds that petitioner has failed to
10  exhaust state court remedies.  The claims have not been presented to the California Supreme
11  Court.  See ECF No. 1 at 5-6.  Further, there is no allegation that state court remedies are no
12  longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

13  Good cause appearing, IT IS HEREBY ORDERED that:

14  1. Petitioner is granted leave to proceed in forma pauperis;

15  2. The Clerk of the Court is directed to serve a copy of these findings and
16  recommendations together with a copy of the petition filed in the instant case on the Attorney
17  General of the State of California; and

18  3. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust
19  state remedies.

20  DATED: June 28, 2013

21  _____/s/_____
    ALLISON CLAIRE
22  UNITED STATES MAGISTRATE JUDGE

23
   AC:rb/thom0747.103
24

---

25  [2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
26  for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
    will start to run on the date on which the state court judgment became final by the conclusion of
27  direct review or the expiration of time for seeking direct review, although the statute of
    limitations is tolled while a properly filed application for state post-conviction or other collateral
28  review is pending.  28 U.S.C. § 2244(d).